**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | | |
|---|---|---|
| Alvia Alexander, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  3:21-cv-95-HTW-LGI |
| General Revenue Corporation, an Ohio corporation, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Alvia Alexander, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Alvia Alexander ("Alexander"), is a citizen of the State of Mississippi, residing in the Southern District of Mississippi, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed to Strayer University.

4. Defendant, General Revenue Corporation ("GRC"), is an Ohio corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly

uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. GRC operates a defaulted debt collection business, and attempts to collect debts from consumers in many states, including consumers in the State of Mississippi. In fact, Defendant GRC was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant GRC is authorized to conduct business in the State of Mississippi and maintains a registered agent here, see, record from the Mississippi Secretary of State, attached as Exhibit A. In fact, Defendant GRC conducts business in Mississippi.

## FACTUAL ALLEGATIONS

6. Due to financial difficulties, Plaintiff was unable to pay her debts, including a consumer debt she allegedly owed to Strayer University. Defendant GRC attempted to collect this debt from her via negative credit reports. Unsure about Defendant GRC, and unsure about the debt, Ms. Alexander consulted with counsel about her debt issues and the debt that GRC was trying to collect.

7. Accordingly, Ms. Alexander's attorney wrote to Defendant GRC, via a letter dated November 18, 2020, to dispute the debt GRC was trying to collect. Copies of this letter and fax confirmation are attached as Exhibit B.

8. On January 19, 2021, Ms. Alexander obtained and reviewed copies of her TransUnion and Experian credit reports, which showed that Defendant GRC had continued to report the debt, but had failed to note that the debt was disputed. The pertinent parts of Ms. Alexander's TransUnion and Experian credit reports are attached as Group Exhibit C.

9. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit report impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note that the debt was disputed made it appear to Plaintiff that she did not actually have the right to dispute the debt at issue. Defendant's collection actions alarmed, confused, and distressed Ms. Alexander and impacted her credit score.

10. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under an unsophisticated or least sophisticated consumer standard, see, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); McMurray v. ProCollect, Inc., 687 F.3d 665, 669 (5th Cir. 2012).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False or Misleading Representations**

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Evans v. Portfolio Associates, 889 F.3d 337,

346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

14. Defendant, by continuing to report the debt to credit reporting agencies, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used false, deceptive, or misleading means to collect or attempt to collect, debts, in violation of § 1692e(8) of the FDCPA.

15. Defendant's violations of § 1692e(8) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

18. Defendant, by continuing to report the debt to credit reporting agencies, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect, or attempt to collect, debts, in violation of § 1692f of the FDCPA.

19. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

5

## PRAYER FOR RELIEF

Plaintiff, Alvia Alexander, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Alexander, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Alvia Alexander, demands trial by jury.

Alvia Alexander,

By: /s/ Bradford W. Botes
One of Plaintiff's Attorneys

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: February 5, 2021

Bradford W. Botes   (Miss. Bar No. 100964)
Bond, Botes, Reese & Shinn, P.C.
15 Southlake Lane
Suite 140
Birmingham, Alabama 35244
(205) 802-2200
(205) 870-3698 (FAX)
bbotes@bondnbotes.com

David J. Philipps     (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps     (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com